# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALNYLAM PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PFIZER INC., PHARMACIA & UPJOHN CO. LLC, BIONTECH SE, AND BIONTECH MANUFACTURING GMBH, <br><br> Defendants. | Civil Action No. 22-336-CFC <br> (CONSOLIDATED) |

### ALNYLAM PHARMACEUTICALS, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT AGAINST PFIZER INC., PHARMACIA & UPJOHN CO. LLC, BIONTECH SE AND BIONTECH MANUFACTURING GMBH

McDermott Will & Emery LLP
William G. Gaede, III
415 Mission Street, Suite 5600
San Francisco, CA 94105
(650) 815-7400

Sarah Chapin Columbia
Sarah J. Fischer
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
(617) 535-4000

Ian B. Brooks
500 N. Capitol Street NW
Washington, DC 20003
(202) 756-8000

Ethan H. Townsend (#5813)
McDermott Will & Emery LLP
The Nemours Building
1007 North Orange Street, 10th Floor
Wilmington, DE 19801
(302) 485-3911
ehtownsend@mwe.com

*Attorneys for Plaintiff Alnylam Pharmaceuticals, Inc.*

Dated: February 15, 2023

## TABLE OF CONTENTS

I.   NATURE AND STAGE OF THE PROCEEDINGS ...................................... 1

II.  SUMMARY OF THE ARGUMENT ............................................................ 2

III. STATEMENT OF THE FACTS .................................................................. 4

IV.  ARGUMENT ................................................................................................ 5

    A.   Alnylam's Amendment is Timely and Made in Good Faith ................................................................................................... 6

    B.   Defendants Will Not Suffer Prejudice ................................................ 8

    C.   The Proposed Amendment is Not Futile and Promotes Efficiency ............................................................................................ 11

    D.   Alnylam Does Not Seek to Amend the Scheduling Order and Has, in any Event, Shown Good Cause for the Amendment .................. 12

V.   CONCLUSION ........................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agere Sys. Guardian Corp. v. Proxim, Inc.*,
    190 F. Supp. 2d 726 (D. Del. Mar. 6, 2002) ......................................................................... 11

*Alvin v. Suzuki*,
    227 F.3d 107 (3d Cir. 2000) ............................................................................................. 5, 11

*Automated Layout Tech., LLC v. Precision Steel Sys., LLC*,
    2022 WL 17632836 (D. Neb. Dec. 13, 2022) ....................................................................... 8

*U.S. ex rel. B&R, Inc. v. Donald Lake Constr.*,
    19 F. Supp. 2d 217 (D. Del. 1998) ........................................................................................ 6

*Butamax Advanced Biofuels LLC v. Gevo, Inc.*,
    2012 WL 2365905 (D. Del. Jun. 21, 2012) ........................................................................... 8

*Centerforce Techs., Inc. v. Austin Logistics, Inc.*,
    2000 WL 652943 (D. Del. Mar. 10, 2000) ....................................................................... 9, 10

*Cloud Farm Asss. v. Volkswagen Grp. of Am., Inc., L.P.*,
    2012 WL 3069390 (D. Del. Jul. 27, 2012) ............................................................................ 8

*Dickerson v. KeyPoint Gov't Sols., Inc.*,
    2017 WL 2457457 (D. Del. 2017) ....................................................................................... 12

*Foman v. Davis*,
    371 U.S. 178 (1962) ............................................................................................................... 5

*ICU Med., Inc. v. RyMed Techs., Inc.*,
    674 F. Supp. 2d 574 (D. Del. 2009) ................................................................................ 5, 13

*Intellectual Ventures I LLC v. Toshiba Corp.*,
    2015 WL 4916789 (D. Del. Aug. 17, 2015) ...................................................................... 6, 8

*J.E. Mamiye & Sons, Inc. v. Fid. Bank*,
    813 F.2d 610 (3d Cir. 1987) .................................................................................................. 6

*Targus Int'l LLC v. Victorinox Swiss Army, Inc.*,
   2021 WL 2291978 (D. Del. Jun. 4, 2021) ...................................................... 10, 11

*The Proctor & Gamble Co. v. McNeil-PPC, Inc.*,
   1998 WL 1745118 (D. Del. Dec. 7, 1998) ...................................................... 6, 8

*Trueposition, Inc. v. Allen Telecom, Inc.*,
   2002 WL 1558531 (D. Del. Jul. 16, 2002) ........................................................ 6

*U.S.A., Inc. v. Whirlpool Corp.*,
   2011 WL 4043394 (D. Del. Sep. 12, 2011) ............................................. 9, 11, 12

*Vitaworks IP, LLC v. Glanbia Nutritionals (NA), Inc.*,
   2021 WL 5061707 (D. Del. Oct. 26, 2021) ........................................................ 5

Plaintiff Alnylam Pharmaceuticals, Inc. ("Alnylam") moves, under Rule 15 of the Federal Rules of Civil Procedure and within the time set under the Scheduling Order (D.I. 28), for leave to amend its Complaint to assert infringement of claims 27 and 28 of U.S. Patent No. 11,590,229 (the "'229 Patent") against Pfizer Inc., Pharmacia & Upjohn Co. LLC (collectively, "Pfizer"), BioNTech SE and BioNTech Manufacturing (collectively, "BioNTech") (both Pfizer and BioNTech collectively, "Defendants"). Clean and redlined copies of the proposed amended pleadings are attached as Exhibits 1-3, along with an infringement claim chart for the '229 Patent at Exhibit 11.

### I.   NATURE AND STAGE OF THE PROCEEDINGS

This is an action for patent infringement in which Alnylam alleges that Defendants' COVID-19 vaccines infringe Alnylam's patents. On March 17, 2022, Alnylam filed its Complaint against Pfizer alleging infringement of U.S. Patent No. 11,246,933 (the "'933 Patent"). On May 27, 2022, Pfizer answered the Complaint, BioNTech voluntarily appeared, and Pfizer and BioNTech counterclaimed. (D.I. 13.) On July 12, 2022, U.S. Patent No. 11,382,979 (the "'979 Patent")[1] issued and Alnylam filed a second action against Pfizer and BioNTech alleging infringement of the '979 Patent. This Court issued a Stipulation and Order consolidating the two

---

[1]   The '933 Patent and '979 Patent collectively are referred to as the "Asserted Patents."

1

cases on August 10, 2022. (D.I. 22.)[2] After consolidation, Pfizer and BioNTech answered and counterclaimed in the second action on September 12, 2022. (D.I. 27.)

On September 1, 2022, the Court held a Rule 16 conference, and then on September 13, 2022 entered a schedule through trial. (D.I. 28.) The deadline for this motion was set for February 15, 2023. (*Id.* at 30.) The Joint Claim Construction Brief is due on June 28, 2023. (*Id.* at 31.) A claim construction hearing is scheduled to take place August 9, 2023, and fact discovery closes on November 1, 2023. (*Id.* at 31.) Trial is scheduled to begin on November 18, 2024. (*Id.* at 32.)

## II.   SUMMARY OF THE ARGUMENT

Alnylam's request to amend its complaint is timely, is not prejudicial to Defendants, is not futile, and promotes efficiency and judicial economy. This motion is filed in accordance with the Scheduling Order's February 15 deadline for seeking leave to amend the complaint to add patent(s) issued after the Scheduling Conference. Alnylam has steadfastly kept Defendants apprised of the prosecution of its continuation patent applications. Indeed, Defendants have been on notice that additional patents could issue, including the one subject to this motion, since at least June 2022, when the applications became public and Alnylam's Chief Intellectual Property Officer emailed Defendants concerning their publication. Defendants were

---

[2]   The proposed amendment would result in a single complaint asserting the '933 Patent, the '979 Patent, and the '229 Patent.

2

again informed at the Scheduling Conference of the fact that Alnylam expected additional patents to issue. Presuming Defendants were watching the Patent Office's public website, it would have seen that the final claim sets for the '229 Patent were filed on November 30, 2022, that the Notice of Allowability was mailed on December 22, 2022, and that the Notice of Allowability was entered on the Patent Office docket on January 3, 2023. In January 2023, Alnylam informed Defendants of the specific patent to issue and the specific claims Alnylam intended to assert. On February 8, 2023, the Patent Office issued an Issue Notification, assigning a patent number and stating that the '229 Patent will formally issue on February 28, 2023. On February 9, 2023, Alnylam provided the Issue Notification to Defendants. Accordingly, this amendment comes as no surprise to Defendants.

The '229 Patent is a continuation of, and therefore shares an identical written description with, the earlier Asserted Patents. Alnylam asserts two claims against Defendants. The Joint Claim Construction Statement is not to be filed until March 1, 2023, the Joint Claim Construction Brief is not to be filed until June 28, 2023, fact discovery closes on November 1, 2023, and trial is set approximately a year later, in November 2024. There is no prejudice to Defendants. To the extent there is any, it results from Defendants' refusal to engage in claim construction exchanges relating to the '229 Patent. Moreover, the amendment would not be futile and would promote efficiency and judicial economy by resolving the patent disputes in one proceeding.

### III.  STATEMENT OF THE FACTS

Alnylam continues to prosecute continuation patent applications related to the '933 and '979 Patents. It has kept Defendants apprised of the status of such patent applications. For example, Alnylam put Defendants on notice of U.S. Patent Application No. 17/651,029 (the "'029 Application")—the application that resulted in the '229 Patent—on June 23, 2022, after the application had published. (Ex. 4.) The Patent Office issued the Notice of Allowability for that application on January 5, 2023. Alnylam promptly paid the issue fee. That Notice is publicly available on the Patent Office website. Alnylam notified Defendants of the Notice of Allowability and payment of issue fee for the '029 Application on January 23, 2023. (Ex. 5.) Subsequently, on January 31, 2023, Alnylam informed Defendants of its intent to assert claims 27 and 28 of the patent upon issuance and asked Defendants to identify potential claim terms for construction, if any. (Ex. 6-7.)

On February 8, 2023, the Patent Office mailed an Issue Notification that assigned a patent number—U.S. Patent No. 11,590,229—and indicated that the patent will issue on February 28, 2023. (Ex. 8.) Alnylam immediately informed Defendants and requested again that Defendants provide any new claim terms from the '229 Patent for construction in the two claims. (Ex. 9.) The parties have met and conferred, and Defendants did not consent to this motion.

4

Despite Alnylam's request, to date, Defendants have not identified any terms for construction in the two claims Alnylam asserts from the '229 Patent.

## IV.   ARGUMENT

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." "The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities." *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990)). This means that leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Alvin v. Suzuki*, 227 F.3d 107, 121-22 (3d Cir. 2000); *Vitaworks IP, LLC v. Glanbia Nutritionals (NA), Inc.*, 2021 WL 5061707, *1–*2 (D. Del. Oct. 26, 2021) (same).

As explained more fully below, Alnylam's requested amendment is timely, is not prejudicial to Defendants, is not futile, and promotes efficiency and judicial economy.

A. <u>Alnylam's Amendment is Timely and Made in Good Faith</u>

A motion for leave to amend that is "filed within the deadline set forth in the scheduling order for amending pleadings, which generally precludes a finding of undue delay." *Intellectual Ventures I LLC v. Toshiba Corp.*, 2015 WL 4916789, at *2 (D. Del. Aug. 17, 2015); *see also The Proctor & Gamble Co. v. McNeil-PPC, Inc.*, 1998 WL 1745118, at *1 (D. Del. Dec. 7, 1998) (granting patentee's motion for leave to supplement its complaint to add infringement claims for a new patent that issued after the lawsuit was filed). Similarly, courts have found that a timely filed proposed amendment weighs against a finding of bad faith. *See Trueposition, Inc. v. Allen Telecom, Inc.*, 2002 WL 1558531, at *2-*3 (D. Del. Jul. 16, 2002). Challenges based on bad faith "'focus on the plaintiffs' motives for not amending their complaint … earlier,'" *J.E. Mamiye & Sons, Inc. v. Fid. Bank*, 813 F.2d 610, 614 (3d Cir. 1987) (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir.1984)), and typically rely on some showing of a "sinister motive" or "nefarious purpose." *U.S. ex rel. B&R, Inc. v. Donald Lake Constr.*, 19 F. Supp. 2d 217, 221 n.6 (D. Del. 1998).

At the Initial Scheduling Conference on September 1, 2022, the parties and the Court discussed Alnylam's intention to assert additional patents, should those patents issue. The parties originally agreed to a deadline for amending the pleadings, including to add new patents, of June 28, 2023. D.I. 24 at 32. After lengthy

6

discussion with the Court regarding the addition of new patents prior to claim construction, the Court set February 15, 2023, as the date by which Alnylam is required to file a motion to amend to add any newly issued patents. (Ex. 10, Sept. 13, 2022 Tr. at 14:1-16:18, 36:4-42:19.) In so doing, the Court noted its expectation that "counsel will be reasonable" on this issue. (Ex. 10, Sept. 13, 2022 Tr. at 42:16.) The Court adjusted the date for the parties' exchange of claim construction positions from February 15 to February 17. (*Id.* at 41-42.)

Even before the Scheduling Conference, Alnylam put Defendants on notice of the '029 Application on June 23, 2022. (Ex. 4.) The prosecution of the '029 Application, including the claims being sought and ultimately allowed, has been publicly available on the Patent Office website since June 9, 2022. Alnylam provided Defendants with a copy of the Notice of Allowance and pending issuance of the '029 Application on January 23, 2023, and further notice of the specific patent claims to be asserted on January 31, 2023. (Exs. 5 and 6.) Alnylam reached out to Defendants seeking to meet and confer regarding the proposed Amended Complaint on February 9, 2023. (Ex. 9.) The parties conducted a meet and confer on February 13, 2023, and Defendants informed Alnylam on February 14, 2023 that they would oppose the motion.

Defendants cannot argue that Alnylam unduly delayed alleging infringement of the '229 Patent. Alnylam notified Defendants that the patent would issue,

7

identified the claims Alnylam intends to assert, and is seeking leave in accordance with the Court's schedule. By seeking leave to amend within the deadline set by the Scheduling Order, Alnylam has acted properly and has not unduly delayed this matter. *See Intellectual Ventures I*, 2015 WL 4916789, at *2; *Cloud Farm Asss. v. Volkswagen Grp. of Am., Inc., L.P.*, 2012 WL 3069390, *5–*6 (D. Del. Jul. 27, 2012); *The Proctor & Gamble Co.*, 1998 WL 1745118, at *1; *see also Automated Layout Tech., LLC v. Precision Steel Sys., LLC*, 2022 WL 17632836, *2–*4 (D. Neb. Dec. 13, 2022) (finding that patentee "acted appropriately in waiting to seek to amend its pleading until the patent was actually issued," and finding "it would be more efficient for the parties and the Court to handle the related patents and related products in the same case").

      B.  <u>Defendants Will Not Suffer Prejudice</u>

This motion is filed timely, "therefore, there can be no unfair prejudice to defendant[s]." *See Butamax Advanced Biofuels LLC v. Gevo, Inc.*, 2012 WL 2365905, at *2 (D. Del. Jun. 21, 2012). Moreover, no undue prejudice exists where, as here, the parties will have ample time to conduct discovery on the newly-added claims. *See Centerforce Techs., Inc. v. Austin Logistics, Inc.*, 2000 WL 652943, at *6-*7 (D. Del. Mar. 10, 2000) (holding that the addition of new patent claims is not prejudicial where discovery remains open, the added patent is closely related to the patents-in-suit, and both claims involve the same accused product). Undue prejudice

does not arise where, as here, the patents are directed to the same technology. *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 2011 WL 4043394, *2 (D. Del. Sep. 12, 2011).

Defendants have no grounds to claim prejudice. Discovery is not scheduled to conclude until November 1, 2023. The trial in this matter is not scheduled to begin for twenty-one months. Only three pertinent deadlines have passed to date—service of Alnylam's Infringement Contentions on October 27, 2022, service of Defendants' Invalidity Contentions on December 13, 2022, and the exchange of terms for construction on January 25, 2023—a possibility inherently considered by the structure of the dates set in the Scheduling Order. (Ex. 10, Sept. 13, 2022 Tr. at 39:2-42:13.) The amended complaint includes an infringement claim chart for the '229 Patent, which enables Defendants to identify claim terms for construction ahead of the Joint Claim Construction Chart deadline and to prepare its invalidity contentions with respect to the '229 Patent.

There is no prejudice on claim construction or need to delay it. The specification in the '229 Patent is the same as in the Asserted Patents, and Alnylam has proactively apprised Defendants of the claims it intends to assert. Alnylam's Opening Brief on claim construction is not due to be served until March 29, 2023, and Defendants' Answering Brief not due until May 3, 2023. The Joint Claim Construction Brief is not due to be filed until June 28, 2023. Thus, there is more than

9

sufficient time to handle claim construction issues, if any, on the '229 Patent in this proceeding. Indeed, Alnylam invited Defendants to identify claim terms for construction from the '229 Patent prior to the February 17, 2023 exchange of constructions; to date, Defendants have not identified any.[3]

The '229 Patent claims similar subject matter to the Asserted Patents and covers the same infringing products. *See Centerforce*, 2000 WL 652943, at *6. Alnylam's '229 Patent infringement allegations are based on similar evidence as in the original Complaints. (*See* Exs. 1-3.) Any claim by Defendants that the addition of the '229 Patent will prejudice them by adding complexity or difficulty to this matter is not only unfounded, but unsupported by the law of this court. *See Targus Int'l LLC v. Victorinox Swiss Army, Inc.*, 2021 WL 2291978, at *3 (D. Del. Jun. 4, 2021) (finding that a party's time and effort in defending against a new claim "does not, in itself, amount to undue prejudice" even where the amendment was untimely and would "increase the cost and complexity of the current litigation"). Under the circumstances here where there is complete identity in the patent specifications and accused products, complexity is not a valid ground to deny amendment of the Complaint at this early stage. *Id*.

---

[3]   As explained, the Joint Claim Construction Brief is not due to be filed until June 28, 2023. Accordingly, the parties have ample time to work together to ensure claim terms from the '229 Patent, if any, are before the Court by that time.

### C. The Proposed Amendment is Not Futile and Promotes Efficiency

A motion for leave to amend is not futile unless it is clear that the amended complaint "would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin*, 227 F.3d at 121; *see also Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 736-37 (D. Del. Mar. 6, 2002). Even then, courts have stated that the "better course is to liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss for failure to state a claim until such time when that motion is raised." *Agere Sys.*, 190 F. Supp. 2d at 736. Furthermore, to require "the filing of another lawsuit [covering the same subject matter and Accused Products] would not promote the interests of judicial efficiency." *LG Elecs.*, 2011 WL 4043394, at *2.

Just as Alnylam's original complaints state plausible causes of action—that Defendants answered and did not challenge—so too does Alnylam's proposed Amended Complaint. Alnylam's infringement allegations closely track the current Asserted Patents with virtually the same evidence presented in the original complaints. (*See* Exs. 1-3 (Original vs. Amended Complaint).)

Alnylam's proposed Amended Complaint seeks to avoid burdening the Court with a separate lawsuit alleging infringement of a patent covering similar technology by the same Accused Products. Granting Alnylam's motion to amend its complaint

11

would only serve to promote the interests of judicial efficiency. *See LG Elecs.*, 2011 WL 4043394, at *2.

### D. Alnylam Does Not Seek to Amend the Scheduling Order and Has, in any Event, Shown Good Cause for the Amendment

In the meet and confer, Defendants' counsel suggested that Alnylam has failed to show good cause for amending its complaint as required by Rule 16(b)(4). But Alnylam does not seek to modify the Scheduling Order. To the contrary, Alnylam is adhering to the Scheduling Order. Paragraph 8 of the Scheduling Order (D.I. 28) provides that "All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before February 15, 2023. After this date, no patent related to U.S. Patent No. 11,246,933 or U.S. Patent No. 11,382,979 (a 'Related Patent') may be added to this litigation." As explained herein, Alnylam has timely brought this motion to amend the Complaint by the February 15, 2023 deadline.

Moreover, even if this Court were to address this motion under Rule 16, Alnylam certainly has good cause for this amendment. "'In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party.'" *Dickerson v. KeyPoint Gov't Sols., Inc.*, 2017 WL 2457457, at *3 (D. Del. 2017) (quoting *ICU Med.*, 674 F. Supp. 2d at 577-78). "'Good cause' exists when the Schedule cannot reasonably be met despite the diligence of the party seeking the extension." *ICU Med.*, 674 F. Supp. 2d at 577 (citing Fed. R. Civ. P. 16(b)(4) Advisory Committee Notes (1983 amendments)).

12

Alnylam has worked diligently to meet the scheduled deadline to amend the complaint and to ensure no other dates need to be adjusted. Alnylam has also worked diligently within the Patent Office procedures to prosecute the '229 Patent as expeditiously as possible, including requesting prioritized examination under the Patent Office's Track One program.[4] During this expedited prosecution, Alnylam filed all papers ahead of their deadlines and did not seek any extensions. The '229 Patent will issue on February 28, 2023. Thus, Alnylam has acted diligently and could not have brought this motion any sooner.

## V. CONCLUSION

For the foregoing reasons, Alnylam respectfully requests that the Court grant this motion for leave to file its First Amended Complaint, attached as Exhibit 1.[5]

---

[4]  Under Track One, the Patent Office endeavors to provide a final disposition within twelve months of prioritized status being granted. A patentee cannot seek any extension of time to respond and maintain Track One status.

[5]  Pursuant Local Rule 15.1, Alnylam submits with this motion the proposed amended complaint and accompanying exhibits with the exception of a copy of the '229 Patent, which will issue on February 28, 2023.

13

|  |  |
|---|---|
| | Respectfully submitted, |
| OF COUNSEL: | McDermott Will & Emery LLP |
| William G. Gaede, III<br>McDermott Will & Emery LLP<br>415 Mission Street, Suite 5600<br>San Francisco, CA 94105<br>(650) 815-7400<br>wgaede@mwe.com | /s/ *Ethan H. Townsend*<br>Ethan H. Townsend (#5813)<br>The Nemours Building<br>1007 North Orange Street, 10th Floor<br>Wilmington, DE 19801<br>(302) 485-3911<br>ehtownsend@mwe.com |
| Sarah Chapin Columbia<br>Sarah J. Fischer<br>McDermott Will & Emery LLP<br>200 Clarendon Street, Floor 58<br>Boston, MA 02116-5021<br>(617) 535-4000<br>scolumbia@mwe.com<br>sjfischer@mwe.com | *Attorneys for Plaintiff*<br>*Alnylam Pharmaceuticals, Inc.* |
| Ian B. Brooks<br>McDermott Will & Emery LLP<br>500 N. Capitol Street NW<br>Washington, DC 20003<br>(202) 756-8000<br>ibrooks@mwe.com | |
| Bhanu K. Sadasivan, Ph.D.<br>McDermott Will & Emery LLP<br>650 Live Oak Avenue, Suite 300<br>Menlo Park, CA 94025-4885<br>(650) 815-7537<br>bsadasivan@mwe.com | |

Dated: February 15, 2023

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the defendants and that we have not been able to reach agreement.

/s/ *Ethan H. Townsend*
Ethan H. Townsend (#5813)

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that the foregoing document contains 3,127 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the motion. The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

/s/ *Ethan H. Townsend*
Ethan H. Townsend (#5813)