**mwe.com**

Ethan Townsend
Attorney at Law
ehtownsend@mwe.com
+1 302 485 3911

September 29, 2023

The Honorable Colm F. Connolly
District Court of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE 19801-3555

Re:   *Alnylam Pharmaceuticals, Inc. v. Pfizer Inc.*, C.A. No. 23-578 (CFC)
      *Alnylam Pharmaceuticals, Inc. v. Pfizer Inc.*, C.A. No. 22-336 (CFC)
      (Consolidated)

Dear Chief Judge Connolly:

I write on behalf of the parties in the above-captioned matters regarding the proposed scheduling order in C.A. No. 23-578 (CFC). We have reached agreement on consolidation and submitted a stipulation to consolidate C.A. No. 23-578 (CFC) with C.A. No. 22-336 (CFC) (Consolidated) for all purposes, including a single trial. The parties have remaining disputes regarding depositions of Alnylam fact witnesses and have included their respective proposals in the proposed scheduling order. In addition, below are the parties' positions on the timing and order of the expert declarations and supplemental claim construction briefing for the "head group" term.

**Alnylam's position**: On September 17, 2023 – seven months after the parties exchanged proposed claim constructions and months after the briefing was complete and after the Court held a four-hour claim construction hearing – Defendants informed Alnylam that they intended to change their proposed claim construction of the term "head group." If they are permitted to do so, Alnylam needs a fair chance to see what and how, exactly, Defendants intend to position their modified claim construction. While Alnylam initially agreed on September 1, 2023, to simultaneous submissions of expert declarations and briefs based on the existing constructions (D.I. 25), this subsequent last-minute change by Defendants makes that unfair and not helpful for the Court. Alnylam objects, particularly because Defendants have failed to confirm that the change is immaterial in scope. Under



1000 N. West Street Suite 1400 Wilmington DE 19801 Tel +1 302 485 3900 Fax +1 302 351 8711

*US practice conducted through McDermott Will & Emery LLP.*

The Honorable Colm F. Connolly
September 29, 2023
Page 2

Defendants' proposal, Alnylam will be prejudiced by being forced to make a submission without prior adequate exposition from Defendants of their changed construction, which is normally required under this Court's Scheduling Order. If Defendants are allowed the change in claim construction, a more orderly and equitable process is for Defendants to put forth their (new) positions first and then allow Alnylam to respond.

Attempting to resolve the situation, Alnylam proposed that Defendants go first in briefing, followed by Alnylam, and/or that the exchange be simultaneous without the change in construction. Defendants rejected both proposals and did not accept Alnylam's offers to meet and confer on the issue.

**Defendants' position**: The parties filed an agreed-upon schedule on September 1 (D.I. 112) with agreement on a single round of simultaneous expert declarations and supplemental briefing due September 29. In advance of this deadline, Defendants informed Alnylam on September 19 that they would no longer pursue the "at physiological pH" portion of their construction, which Alnylam has argued should not be part of the construction for "head group," in order to narrow the parties' dispute. On September 21, Alnylam requested to extend the previously agreed September 29 deadline to October 6 and Defendants agreed. The morning of September 27, more than a week after Defendants informed Alnylam of their claim construction position, the parties agreed and local counsel consented to filing a proposed scheduling order, again with simultaneous filings. Then, later that afternoon, Alnylam informed Defendants that it would not file the agreed-upon proposed scheduling order, and the next morning proposed staggered briefing on the "head group" term, a format the parties had not previously considered (Defendants filing on October 6 and Plaintiff responding October 17). Defendants disagree that offering a compromise construction without the "at physiological pH" language prejudices Alnylam and requires staggered briefing, which will prejudice Defendants because it affords Plaintiff the opportunity to respond to Defendants' extrinsic evidence. Defendants are not adding new language and the remaining language was fully briefed leading up to the Markman hearing. Thus, Defendants continue to propose the original simultaneous briefing format that the parties filed with the Court on September 1, 2023 (Defendants and Plaintiff filing on October 6).



The Honorable Colm F. Connolly
September 29, 2023
Page 3

The parties are prepared to discuss these disputes at the Court's convenience.

Respectfully,

/s/ *Ethan H. Townsend*

Ethan H. Townsend (#5813)

EHT/dar
Attachment
cc:  All Counsel of Record (via e-filing)

