mwe.com

Ethan Townsend
Attorney at Law
ehtownsend@mwe.com
+1 302 485 3911

April 15, 2024  **PUBLIC VERSION**

The Honorable Colm F. Connolly
District Court of Delaware
844 N. King Street
Unit 31, Room 4124
Wilmington, DE 19801-3555

Re:   *Alnylam Pharmaceuticals, Inc. v. Pfizer Inc.*, C.A. No. 22-336 (CFC)

Dear Chief Judge Connolly:

Alnylam seeks leave to amend its infringement contentions to allege that the accused products include a "head group" that may be *protonated at any pH*. Amendment is needed because Defendants' claim construction of "head group" has changed and Defendants have been vague and cagey about their position on "head group." Alnylam's amended infringement contentions are intended to address the potential scenario in which the Court construes "head group" to mean "a group that may be protonated," as Defendants modified and advanced last September, and Defendants take the position that this means (i) that the head group be protonated at any pH and (ii) that the accused product's specific head group is not protonatable at any pH – positions that even to date, Defendants have not clearly articulated, *infra*.

Alnylam has diligently sought to discover Defendants' position, but Defendants have been opaque in their responses, leaving Alnylam to guess whether an amendment to its infringement contentions is necessary.

**Alnylam has been diligent in discovering whether "an amendment was necessary and in moving to amend after [] discovery**." *Brit. Telecomms. PLC v. IAC/InterActiveCorp*, 2020 WL 3047989, at *2 (D. Del. June 8, 2020). This amendment's genesis arises from Defendants' pivot to a new construction for "head group" on September 19, 2023. Ex. 1. After months of briefing, Defendants revised their proposed construction of head group from "a group that may be protonated at physiological pH" to "a group that may be protonated." *Id*. This followed the Court's August construction that "cationic lipid" required that the overall lipid be protonatable at physiological pH. D.I. 109.



The Brandywine Building, 1000 N. West Street, Suite 1400   Wilmington DE 19801   Tel +1 302 485 3900
Fax +1 302 351 8711
US practice conducted through McDermott Will & Emery LLP.

Page 2

Immediately after being notified of Defendants' new construction, Alnylam informed Defendants that the revised construction appeared to alter "the scope of the claims." Ex. 2 (9/27/23 email). Defendants responded that they "are not seeking leave from the Court to formally drop the 'at physiological pH' language" but "offer to the Court an alternative compromise construction without the 'at physiological pH' language." Ex. 3 (9/28/23 email).

Unclear on Defendants' position, Alnylam, in its October 6, 2023 supplemental *Markman* brief, informed the Court that it did not understand Defendants' new construction. D.I. 124 at 3 n.1 ("Defendants' change leaves the Court and Alnylam to guess how and in what specific ways the change altered, if at all, their position on scope."). Meanwhile, Defendants seemed to suggest that there was no change in claim scope. D.I. 123 at 1 n.2 ("Defendants are willing to omit the phrase 'at physiological pH' (a phrase already included in the Court's construction of 'cationic lipid') from their proposed construction for 'head group.'").

The head group in the accused products includes a hydroxyl group. A hydroxyl group is not protonatable at physiological pH. D.I. 124-1, ¶ 66. But Defendants' changed construction could mean protonatable "at any pH."[1] Despite shifting their proposed claim construction, Defendants did not amend their non-infringement interrogatory responses to contend that in fact their accused head group comprising a hydroxyl was not protonatable at any pH. Exs. 4-5. Alnylam promptly requested Defendants to supplement their non-infringement interrogatory response, which Defendants only agreed to supplement by November 30, 2023. Exs. 4-7.

That supplemental response was vague and uninformative. Defendants repeated their boilerplate contention that the accused lipid "does not include a 'head group' as that term is used in the asserted patents" and that "Plaintiff has not explained why ALC-0315 has a head group that is protonatable." Ex. 8 at 20; Ex. 9 at 20.

But this did not clarify Defendants' position. As Alnylam subsequently queried: "Is it [Defendants'] position that 'is protonatable' means the head group is protonatable at any pH or at some unspecified pH or how it is different, if at all, from 'may be protonatable at physiological pH?'" Ex. 10 at 3-4; Ex. 11 at 4 (12/14/23 letters).

---

[1] Alnylam's expert further stated that if Defendants' revised construction meant that it included any group capable of accepting a proton, that would be a significant departure because "there are many groups that could accept a proton in an acidic solution that would not do so at physiological pH." D.I. 124-1, ¶ 18.



Page 3

Defendants did not respond to Alnylam's December 14 query. Alnylam diligently followed up on January 5, 2024, and then only Pfizer responded that they "are preparing a written response." Ex. 12. Alnylam again diligently requested a response on January 17, 22, and 31, 2024, which Pfizer did not provide. Exs. 13-15. BioNTech quibbled, stating it provided sufficient information, could not understand Alnylam's position, and "Alnylam's allegations of deficiencies in Defendants' supplemental response calls for expert discovery which has yet to begin." Ex. 16 at 4.

Defendants finally supplemented their non-infringement interrogatory responses on February 12, 2024. Ex. 17 at 32-33; Ex.18 at 32-33. But Defendants did not state whether the "head group" of the accused ALC-0315 may (or may not) be protonated *at any pH*. Instead, Defendants stated that the head group in ALC-0315 is not capable of being protonated (without any pH qualifier) and that the "hydroxyl cannot be protonated *in the biological context of the patents*," raising again the question whether physiological pH was part of their non-infringement position.

Having achieved no clarity and concerned that Defendants' delay would be used as a sword against Alnylam, within 7 business days after receiving Defendants' February 12 interrogatory response, Alnylam sent redlined amended infringement charts to Defendants to contend that, to the extent protonatable at any pH was incorporated in the claim construction of head group, the hydroxyl in the head group of the accused product met that limitation. Ex. 19 (with excerpts of infringement charts with amendments in redline, attached as Exs. 20-25). To this day, Defendants' position remains unclear despite Alnylam continually raising this issue in claim construction briefing. D.I. 173 (1/24/24) at 1 n.1; D.I. 178 (2/14/24) at 5; D.I. 184 (3/6/24) at 13 n.4, 43 (Ex. 26).[2]

**There is no prejudice**. Defendants have plenty of time to address the amended infringement contentions. Fact discovery is open. Defendants had not taken a single deposition when the amended infringement contentions were provided. Expert discovery has not yet commenced. Trial is scheduled for July 2025. D.I. 122.

---

[2] Alnylam's amendment and Defendants' obfuscation is inextricably intertwined with the Court's claim construction of "head group." As such, Alnylam would have no objection to this motion being heard at the claim construction hearing on July 11 and 12 (rather than on April 17). Apr. 5, 2024 Oral Order. No prejudice would attach as Defendants have the amended infringement charts and the expert reports will already be in the alternative.



Page 4

        Sincerely,

        */s/ Ethan H. Townsend*

        Ethan H. Townsend

McDermott Will & Emery

## CERTIFICATE OF COUNSEL

As explained in Alnylam's letter brief and pursuant to Paragraph 12(a)(1) of the Scheduling Order (D.I. 122), the undersigned counsel certifies that the parties made a reasonable effort to resolve the dispute, including oral communication that involved Delaware counsel for the parties on February 29, 2024.

Date: April 15, 2024

*/s/ Ethan H. Townsend*
Ethan H. Townsend

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on April 15, 2024, a copy of the foregoing was served upon the following counsel via electronic mail.

| | |
|---|---|
| Arthur G. Connolly, III<br>Alan R. Silverstein<br>Connolly Gallagher LLP<br>1201 North Market Street, 20th Floor<br>Wilmington, DE 19801<br>aconnolly@connollygallagher.com<br>asilverstein@connollygallagher.com | Jack B. Blumenfeld<br>Jeremy A. Tigan<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com |

*/s/ Ethan H. Townsend*
Ethan H. Townsend