# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

Jeremy A. Tigan
(302) 351-9106
jtigan@morrisnichols.com

April 11, 2024

The Honorable Colm F. Connolly            *VIA ELECTRONIC FILING*
United States District Court                   **PUBLIC VERSION**
   for the District of Delaware
844 N. King Street                       **Confidential Version Filed: April 11, 2024**
Wilmington, DE 19801                **Public Version Filed April 18, 2024**

         Re:     *Alnylam Pharmaceuticals, Inc. v. Pfizer Inc., et al.*;
                C. A. No. 22-336 (CFC) (Consolidated)

Dear Chief Judge Connolly:

       Plaintiff delayed ***five months*** to seek leave to amend its infringement contentions. As Plaintiff concedes, the "genesis" of its proposed amendment is a proposed claim construction modified "last September." D.I. 193 at 1. Yet it inexplicably waited until February 22, 2024 to seek leave for that amendment. Ex. 19. This five-month delay is sufficient to deny Plaintiff's request for lack of diligence.

       Worse, Plaintiff's untimely amendment is based on a self-serving misinterpretation of Defendants' "head group" construction. As Plaintiff is aware, Defendants did not omit "at physiological pH" from their construction of "head group" to encompass protonation "at any pH." Instead, as Plaintiff's letter brief acknowledges, Defendants dropped the "at physiological pH" phrase from its construction because "the Court's August construction [of] 'cationic lipid' [already] required that the overall lipid be protonatable at physiological pH." D.I. 193 at 1. Plaintiff's proposed amendment thus turns on a misreading of Defendants' claim construction, providing an independent basis to deny Plaintiff's motion.

**I.     Plaintiff lacks good cause for its proposed contentions amendment.**

       Amendments to infringement contentions may be made only "upon a timely showing of good cause." D.I. 122 at 9. "Good cause requires a showing of

The Honorable Colm F. ConnollyApril 11, 2024

diligence." *Brit. Telecomm. PLC v. IAC/InterActiveCorp*, 2020 U.S. Dist. LEXIS 99888, at *5 (D. Del. June 8, 2020). "[T]he key factor that courts have considered is whether that party has shown diligence both in discovering that an amendment was necessary and in moving to amend after that discovery." *Id*. at *5. Plaintiff lacks good cause.

First, Plaintiff's five-month delay is the opposite of diligence. As Plaintiff concedes, its new infringement theory "arises" from Defendants' "new construction for 'head group' on September 19, 2023," when Defendants dropped the "at physiological pH" phrase to narrow the parties' dispute. D.I. 193 at 1; *see also* D.I. 120 at 2. Plaintiff could have sought to amend its contentions shortly thereafter. Its *Markman* submission of October 6, 2023, shows that by then—at the latest—Plaintiff believed "Defendants' construction of 'head group' [could] mean[] a group that is capable of accepting a proton to any degree ***at any pH***. . . ." D.I. 124-1 at ¶ 19 (emphasis added). But instead of seeking to amend its contentions at that time to address this, Plaintiff inexplicably waited five months—after a second round of *Markman* briefing and an evidentiary *Markman* hearing—until February 22, 2024, to serve its proposed contentions amendment. Ex. 19. That is not diligent. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1367 (Fed. Cir. 2006) (finding no diligence where movant "waited almost three months . . . to serve its proposed amended contentions and two more weeks to formally move to amend" and "failed to establish that it required three months to do so").

Plaintiff has provided no rationale for why it was "required" to wait five months to amend. This Court denied Plaintiff's earlier attempt to amend its infringement contentions due to a delay of several months. Ex. A at 38:14-41:17. And in the parallel *Moderna* litigation, Plaintiff argued that Moderna's **two-month delay** in seeking to amend contentions was not diligent (*id.* at 41:15-17), leading this Court to conclude "I don't think that Moderna has demonstrated due diligence . . ." and deny the motion. Ex. B at 37:3-6.

Second, as noted, Plaintiff's proposed contentions amendment is based on an unfounded assumption—namely, that Defendants' "head group" construction allows for protonation "at any pH." Defendants dropped "at physiological pH" from their construction of "head group" to narrow the dispute and following the Court's construction of "cationic lipid," which requires the entire lipid to be protonatable "at physiological pH." As Defendants' expert explained back in October 2023, the "head group is the main factor" that will determine whether the cationic lipid is protonatable at physiological pH, but "[w]hether a cationic lipid is protonated [at a

The Honorable Colm F. Connolly                                          April 11, 2024

specific pH] is determined by the pK$_a$ of the ***entire*** cationic lipid." D.I. 125 at ¶ 34 (emphasis added). Thus, "requiring the 'head group' to be protonatable at physiological pH ignores that other portions of the cationic lipid can influence the overall pKa of the lipid." D.I. 184 at 63. Defendants further explained that their construction does ***not*** permit "protonatability at 'any pH'"; instead, "in the relevant field of art, protonatability is limited to a biologically relevant pH range." *Id.*

<u>Third</u>, to the extent Plaintiff is trying to tie its proposed amendment to Defendants' February 2024 supplemental interrogatory response, Defendants did not suggest in that response (or ever) that the claimed "head group" could be protonated "at any pH." Thus, this interrogatory response cannot support the proposed amendment.

**II.     Additional considerations counsel against amendment.**

Even if Plaintiff could establish diligence (it cannot), "other considerations pertinent to the good cause inquiry come into play, including the importance of the new information, the difficulty of locating the new information, any gamesmanship that is evident from the untimely disclosure, and the potential prejudice to the opposing party that would result from permitting the belated amendment." *Brit. Telecomm.*, 2020 U.S. Dist. LEXIS 99888, at *5-6.

Plaintiff's five-month delay in raising its new infringement theory prejudices Defendants. Indeed, Plaintiff appears to have been considering its proposed infringement theory as early as October 6, 2023. *See*, *e.g.*, D.I. 124-1 at ¶ 58 n.16 (Plaintiff's expert opining that hydroxyl containing head groups, like that of the accused product, would be protonatable under very acidic conditions). Plaintiff's misinterpretation that Defendants' construction could encompass protonation at "any pH" is also contradicted by its own expert's admission that protonation here refers to a biologically relevant pH: "While alcohols [i.e., hydroxyls] may be protonated under very acidic conditions, they are considered non-protonatable in the biological context" *(id*.), and the "POSA does not typically consider such groups (hydroxyl or methoxy) to be protonatable in the context of the patented cationic lipids formulated into lipid particles carrying nucleic acids (e.g. RNA) for therapeutic purposes." *Id*. at ¶ 68 n.19. Thus, there is no basis for Plaintiff's new infringement theory.

For these reasons, Defendants respectfully request that the Court deny Plaintiff's request.

The Honorable Colm F. Connolly                                       April 11, 2024

                                       Respectfully,

                                       */s/ Jeremy A. Tigan*

                                       Jeremy A. Tigan (#5239)

JAT:lo  
Enclosures  
cc:    Clerk of the Court (via hand delivery)  
        All Counsel of Record (via e-mail)