IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALNYLAM PHARMACEUTICALS, INC., | ) )  **PUBLIC VERSION** |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 22-336 (CFC) ) (CONSOLIDATED) |
| PFIZER INC., PHARMACIA & UPJOHN CO. LLC, BIONTECH SE and BIONTECH MANUFACTURING GMBH, | ) ) **JURY TRIAL DEMANDED** ) ) ▮▮▮▮▮▮ ) ▮▮▮▮▮▮▮ ) |
| Defendants. | ) |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE THE TESTIMONY OF RYAN SULLIVAN, PH.D. (*DAUBERT* MOTION NO. 1)

CONNOLLY GALLAGHER, LLP
Arthur G. Connolly, III (#2667)
Alan R. Silverstein (#5066)
1201 North Market Street, 20th Floor
Wilmington, DE 19801
(302) 757-7300
aconnolly@connollygallagher.com
asilverstein@connollygallagher.com

*Attorneys for Defendants Pfizer Inc. and Pharmacia & Upjohn Co. LLC*

MORRIS, NICHOLS, ARSHT, & TUNNEL LLP
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants BioNTech SE and BioNTech Manufacturing GmbH*

**Confidential Version Filed: February 7, 2025**
**Public Version Filed: February 14, 2025**

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT..........................................................................................................1

    A. Sullivan's Opinion Violates the "Governing Rule" on Apportionment................................................................................1

    B. Alnylam Failed to Prove that the Licenses were "Sufficiently Comparable" to Avoid Apportionment. ................................................2

III. CONCLUSION.......................................................................................................7

i

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                             **Page(s)**

*Apple Inc. v. Wi-LAN Inc.*,
   25 F.4th 960 (Fed. Cir. 2022) ........................................................................4, 5

*Bio-Rad Laboratories, Inc. v. 10X Genomics, Inc.*,
   967 F.3d 1353 (Fed. Cir. 2020) .......................................................................5, 6

*Omega Patents, LLC v. CalAmp Corp.*,
   13 F.4th 1361 (Fed. Cir. 2021) ................................................................*passim*

*Vectura Ltd. v. Glaxosmithkline LLC*,
   981 F.3d 1030 (Fed. Cir. 2020) ................................................................5, 6, 7

**Other Authorities**

Federal Rule of Evidence 702(d) ...............................................................................2

## I. INTRODUCTION

Sullivan's reasonable royalty analysis is fundamentally contrary to settled Federal Circuit law on apportionment when considering comparable licenses. As confirmed by cases like *Omega*, discussed below, this legal flaw cannot be remedied on cross-examination. Sullivan's damages opinion should be excluded.

## II. ARGUMENT

### A. Sullivan's Opinion Violates the "Governing Rule" on Apportionment.

The patentee "must in every case give evidence tending to separate or apportion . . . the patentee's damages between the patented feature and the unpatented features." *Omega Patents, LLC v. CalAmp Corp.*, 13 F.4th 1361, 1376 (Fed. Cir. 2021). Indeed, "where multi-component products are involved, the governing rule is that the ultimate combination of royalty base and royalty rate must reflect the value attributable to the infringing features of the product, and no more." *Id.*

Alnylam cannot avoid this "governing rule." At least the following "distinguishing facts" require apportionment here: ████████████ ████ ██ ██ ████ ██████ ██████ █████ █████ ██████████████████████████████ ██████████████████████████████ ██████████████████████████



**B.     Alnylam Failed to Prove that the Licenses were "Sufficiently Comparable" to Avoid Apportionment.**

Alnylam failed to meet *its* "burden to prove that the licenses were sufficiently comparable" to avoid apportionment, *Omega*, 13 F.4th at 1377, and also failed to meet *its* burden of "demonstrat[ing] to the court" under Federal Rule of Evidence 702(d) "that it is more likely than not that . . . the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."[1]

---

[1] According to its advisory committee notes, Rule 702 was amended in December 2023 to address the fact that "many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility," which is "an incorrect application of

On the undisputed facts present here, ███████████████████

███████████████████████████████████████████

Sullivan was required to apportion the ███████████████ when using it as a comparable license for a reasonable-royalty analysis. *Omega*, 13 F.4th at 1376-77. He did not do so. ███████████████████

███████████████████████████████████████████

███ ███████████████████████████████████████

███████████████████████████████████████████

███ In *Omega*, the expert testified that "certain licenses included a royalty of $5.00 per unit regardless of 'which patent' was included because 'no patent was any more valuable than the others.'" 13 F.4th at 1381 (citations omitted). █████████

███████████████████████  ███████████████████

███████████████████████████████████████████

███████████████████  ███████████████████. This is **exactly** the kind of analysis the *Omega* court rejected.

---

Rule[] 702." *Bio-Rad* and *ActiveVideo*, which Alnylam cites for the proposition that these issues are "best addressed by cross-examination and not by exclusion," (D.I. 341 at 9), both predate the current version of Rule 702.
█ ███████████████████████████████████████████
███████████████████████████████████████████
█████████████████████

3

Additionally, Alnylam's criticism of *Omega* misses the point. *Omega*'s main holding is that the expert did not account for "substantial 'distinguishing facts' between the proffered licenses and [the] hypothetical negotiation." 13 F.4th at 1380. "Most glaringly, each of the eighteen proffered licenses involves numerous patents, in contrast to a hypothetical negotiation for a single-patent license." *Id.* The following chart compares the patents at issue here to *Omega*:

|  | *Omega* Licenses[4] |
|---|---|
| ███████████████████████ | 39 U.S. patents, 12 foreign patents, 3 applications (Cimble Agreement) |
| ███████████████████████ | 24 U.S. patents, 9 foreign patents, 12 patent applications (Accele Agreement) |

The present case is directly analogous to *Omega*.

The present case is also analogous to *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960 (Fed. Cir. 2022). In *Apple*, the allegedly comparable licenses covered both the asserted patents and other patents. *Id.* at 972-73. The Federal Circuit held the expert "failed to apportion for the value of the patented technology." *Id.* at 966, 973. As in *Apple*, Sullivan "failed to address the extent to which the[] other [licensed] patents contributed to the royalty rate in the ███████████████ license," and his "silence on

---

[4] 13 F.4th at 1381.

4

these equally situated patents is troubling and makes his opinion unreliable." *Id.* at 973-74.

Alnylam cannot escape apportionment by claiming that the ▮▮▮▮▮▮ License has "built-in" apportionment, which can exist in some sufficiently comparable licenses. "For built-in apportionment to apply the license must be 'sufficiently comparable' in that 'principles of apportionment were effectively baked into' the purportedly comparable license." *Omega,* 13 F.4th at 1377 (quoting *Vectura Ltd. v. Glaxosmithkline LLC*, 981 F.3d 1030, 1041 (Fed. Cir. 2020)[5]) (emphasis added). This is not the case for either of the licenses Alnylam contends are comparable, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Neither Alnylam nor Sullivan explains how apportionment is "baked into" the two licenses Sullivan relied on. Nor could they, as neither Sullivan nor any other of Alnylam's experts actually performed a technical analysis of the patents licensed in Alnylam's licenses.

Alnylam's reliance on *Bio-Rad Laboratories, Inc. v. 10X Genomics, Inc.* is misplaced.[6] There, the court found that the comparable licenses apportioned the

---

[5] *Omega* distinguished Alnylam's cited cases, *Bio-Rad* and *Vectura*.
[6] Moreover, both *Bio-Rad* and *Vectura* pre-date *Omega*. *Omega*, whose facts are most similar to the case at hand, incorporates their holdings and *still* comes to the conclusion that further apportionment was required.

5

royalty rate; that is, that there was "built in apportionment." 967 F.3d 1353, 1376 (Fed. Cir. 2020). . *See Omega*, 13 F.4th at 1377. The expert in *Bio-Rad* also considered "that the proportion of licensed/unlicensed features was comparable to the present case" as part of his methodology. *Bio-Rad*, 967 F.3d at 1377. Sullivan plainly did not,

The law may not require "absolute precision," but it does require a base level of apportionment. *Id.*

*Vectura* further supports Defendants' contention. First, the comparable license at issue in *Vectura* was one between the two parties, a major difference from the present case. 981 F.3d at 1039. Second, the Court plainly stated that *Vectura* was "a rather unusual circumstance," reflecting that there could be comparable licenses that "may in some cases have built-in apportionment." *Id.* at 1040. The

6

license in *Vectura* had built-in apportionment in part because the expert concluded that the license had a similar technological scope and could support that conclusion with evidence. *Id.* at 1041. *Vectura*'s expert proffered evidence that the key component of the license at issue was the relevant technology; ■■■■■

■■■■■

■■■■■ *Id*. Without more support, these licenses cannot be considered to have built-in apportionment. Thus, this case is not like *Vectura*, but is squarely like *Omega*, and Sullivan's opinion fails as a matter of law.

### III.  CONCLUSION

The Court should exclude Sullivan's opinions.


CONNOLLY GALLAGHER, LLP                         MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Alan R. Silverstein*                        */s/ Jeremy A. Tigan*

Arthur G. Connolly, III (#2667)                  Jeremy A. Tigan (#5239)
Alan R. Silverstein (#5066)                      Anthony D. Raucci (#5948)
1201 North Market Street, 20th Floor             1201 North Market Street
Wilmington, DE 19801                             P.O. Box 1347
(302) 757-7300                                   Wilmington, DE 19899
aconnolly@connollygallagher.com                  (302) 658-9200
asilverstein@connollygallagher.com               jtigan@morrisnichols.com
                                                 araucci@morrisnichols.com

7

OF COUNSEL:

Sara Tonnies Horton
WILLKIE FARR & GALLAGHER
300 North LaSalle Drive
Chicago, IL 60654
(312) 728-9040

Michael Johnson
Dan Constantinescu
Heather Schneider
WILLKIE FARR & GALLAGHER
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

*Attorneys for Defendants and Counterclaimants Pfizer Inc. and Pharmacia & Upjohn Co. LLC*

OF COUNSEL:

Charles B. Klein
Jovial Wong
Claire A. Fundakowski
Sharon Lin
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, DC 20036
(202) 282-5000

Eimeric Reig-Plessis
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
(415) 591-1000

Brian L. O'Gara
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
(312) 558-5600

Ashley Graham
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700

*Attorneys for Defendants BioNTech SE and BioNTech Manufacturing GmbH*

February 7, 2025

8

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that the foregoing brief is in Times New Roman 14-point font and contains 1,469 words, exclusive of caption, tables, and signature block, counted using Microsoft Word's word count feature.

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 7, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Ethan H. Townsend, Esquire<br>MCDERMOTT WILL & EMERY LLP<br>The Brandywine Building<br>1000 N. West Street, Suite 1400<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff*<br>*Alnylam Pharmaceuticals, Inc.* | *VIA ELECTRONIC MAIL* |
| William G. Gaede, III, Esquire<br>Anisa Noorassa, Esquire<br>MCDERMOTT WILL & EMERY LLP<br>415 Mission Street, Suite 5600<br>San Francisco, CA  94105<br>*Attorneys for Plaintiff*<br>*Alnylam Pharmaceuticals, Inc.* | *VIA ELECTRONIC MAIL* |
| Sarah Chapin Columbia, Esquire<br>Sarah J. Fischer, Esquire<br>MCDERMOTT WILL & EMERY LLP<br>200 Clarendon Street, Floor 58<br>Boston, MA  02116-5021<br>*Attorneys for Plaintiff*<br>*Alnylam Pharmaceuticals, Inc.* | *VIA ELECTRONIC MAIL* |

2

| | |
|---|---|
| Ian B. Brooks, Esquire<br>Timothy M. Dunker, Esquire<br>MCDERMOTT WILL & EMERY LLP<br>500 North Capitol Street NW<br>Washington, DC  20003<br>*Attorneys for Plaintiff*<br>*Alnylam Pharmaceuticals, Inc.* | *VIA ELECTRONIC MAIL* |
| Bhanu K. Sadasivan, Ph.D.<br>MCDERMOTT WILL & EMERY LLP<br>650 Live Oak Avenue, Suite 300<br>Menlo Park, CA  94025-4885<br>*Attorneys for Plaintiff*<br>*Alnylam Pharmaceuticals, Inc.* | *VIA ELECTRONIC MAIL* |
| Mandy H. Kim, Esquire<br>MCDERMOTT WILL & EMERY LLP<br>18565 Jamboree Road, Suite 250<br>Irvine, CA  92612-2565<br>*Attorneys for Plaintiff*<br>*Alnylam Pharmaceuticals, Inc.* | *VIA ELECTRONIC MAIL* |

/s/ *Jeremy A. Tigan*

Jeremy A. Tigan (#5239)